**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**CHERYL BANKS, nka**
**CHERYL HARLAN**
    Plaintiff

v.                                                                                                         No. 1:09CV-00022-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the Commissioner's motion to dismiss the plaintiff's complaint pursuant to 42 U.S.C. § 405(g) as having been untimely filed. The motion is at Docket Entry No. 6, and the plaintiff's response in opposition is at Docket Entry No. 7. The plaintiff is represented by David Cross. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

**Computing the time for filing a complaint seeking judicial review**

The usual appellate procedure in a Social Security disability case may be described as a three-tier process. First, an ALJ renders a decision. If that decision is adverse to the claimant, the claimant may appeal the decision to the Appeals Council. If the Appeals Council declines to disturb the ALJ's decision, the ALJ's decision becomes the final decision of the Commissioner. The Social Security Act provides that the claimant "may obtain a review of such [final] decision [of the Commissioner] by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Consistent with the foregoing, the Commissioner's implementing regulations

provide that the civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision ... is received by the individual ..., except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulations further provide that "the date of receipt of notice of denial of request for review [by the Appeals Council] shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.

Rule 6 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) may or may not be pertinent to the calculation of deadlines for purposes of obtaining judicial review of the Commissioner's final decision. Rule 6 provides as follows:

> (a) *Computing Time.* The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
>
> (1) *Day of the Event Excluded.* Exclude the day of the act, event, or default that begins the period.
>
> (2) *Exclusions from Brief Periods.* Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
>
> (3) *Last Day.* Include the last day of the period unless it is a Saturday, Sunday [or] legal holiday .... When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday [or] legal holiday ....

**Alternative calculations based upon applicability, if any, of Rule 6**

In this case, it is undisputed that the Appeal Council's notice of denial of the plaintiff's request for review of the ALJ's decision was dated December 17, 2008, and her complaint was filed herein on February 23, 2009. The plaintiff has not alleged that she actually received the decision of the Appeals Council after the five-day grace period discussed in 20 C.F.R. § 422.210(c). The magistrate judge concludes that, in this case, the date of receipt of notice "shall be presumed to be 5 days after the date of such notice" as contemplated by 20 C.F.R. § 422.210(c), i.e., five days after December 17, 2008.

The question, then, is what date is five days after Wednesday, December 17, 2008. The answer depends on whether Fed.R.Civ.P. 6(a)(2) applies. For the reasons indicated below, the issue is of case-dispositive significance:

1.  If Fed.R.Civ.P. 6(a)(2) does not apply, the presumed date of receipt of notice of the Appeals Council's decision was Monday, December 22, 2008. In that case, the plaintiff's sixty days to file her civil action expired on Friday, February 20, 2009. It follows that her complaint was untimely filed on Monday, February 23, 2009.

2.  If Fed.R.Civ.P. 6(a)(2) does apply, the presumed date of receipt of notice of the Appeals Council's decision was Wednesday, December 24, 2008. In that case, the plaintiff's sixty days to file her civil action expired on Sunday, February 22, 2009. It follows that her complaint was timely filed on Monday, February 23, 2009. See Fed.R.Civ.P. 6(a)(3) and to the extent Rule 6 is entirely inapplicable see Rule 26(a)(3) of the Federal Rules of Appellate Procedure (if the final day of an appeals period falls on a Saturday or a Sunday, those days are excluded in computing the time period).

For the following reasons, the magistrate judge concludes that Fed.R.Civ.P. 6(a)(2) does not apply, hence, the plaintiff's complaint was untimely:

1. Fed.R.Civ.P. 6(a) applies "in computing any time period specified in these rules or in any local rule, court order, or statute." The five-day grace period at issue in the present case is specified in a regulation, i.e., 20 C.F.R. § 422.210(c).

2. In *Cook v. Commissioner*, 480 F.3d 432 (6th Cir., 2007), the Appeals Council's decision was dated July 27, 2005. Based on this date and the five-day grace period codified at 20 C.F.R. § 422.210(c), the Sixth Circuit held that Mr. Cook's sixty days expired on Friday,

September 30, 2005, and therefore, his complaint was untimely filed on Monday, October 3, 2005. Although *Cook* does not mention Fed.R.Civ.P. 6(a)(2) or analyze its applicability, if the court had applied that rule, Mr. Cook, like the plaintiff, would have gained two days, and his complaint would have been deemed timely. Stare decisis dictates that, because the plaintiff and Mr. Cook are similarly situated, we should decline to apply Fed.R.Civ.P. 6(a)(2) to conclude that the plaintiff's complaint was timely filed.

3. In *Browning v. Astrue*, 2009 WL 585889 (M.D.Fla.), in light of the sixty days specified in 42 U.S.C. § 405(g) and the five days mentioned in 20 C.F.R. § 422.210(c), the district court treated the total time for filing a civil action to be sixty-five days from the date of the Appeals Council's decision and concluded that, because sixty-five days is greater than the "11 days" contemplated by Fed.R.Civ.P. 6(a)(2), "weekends and holidays are included in the sixty-five day period." But see *Parrott v. Commissioner*, 914 F.Supp. 147 (E.D.Tex.) ("in computing the presumed date of receipt of the Appeals Council decision pursuant to 20 C.F.R. § 422.210(c), the plaintiff could exclude Saturdays, Sundays and holidays under Fed.R.Civ.P. 6(a)[2]").

**Mailbox rule**

In the motion and response in opposition, the parties do not raise the foregoing Fed.R.Civ.P. 6(a)(2) issue, which the magistrate judge has considered sua sponte as a case-dispositive threshold matter. The plaintiff's position may be stated as follows. The local rules provide that complaints be filed electronically. However, in the present case, due to difficulties encountered by counsel in complying with the electronic-filing requirement, the plaintiff sought and obtained permission from the court to file her complaint on paper (Docket Entry No. 4).

The plaintiff's response in opposition to the motion to dismiss her complaint as having been filed outside the applicable 60/65-day statute of limitations is as follows (Docket Entry No. 7):

1. [T]his action was denied by the Appeals Council on December 17, 2008.

2. Subsequent to that date, the Plaintiff ... consulted new attorney the undersigned where she had moved in Albany, Kentucky regarding undertaking her representation.

3. [T]he undersigned attorney agreed to undertake the representation of [the plaintiff].  As a part of that representation, he agreed to file a civil action in United States District Court.

4. [T]he Plaintiff attempted to timely file her complaint via electronic filing as mandated by district court rules. [D]ue to an inability to adequately scan or reproduce certain documents and exhibits, counsel's staff consulted with the United States District Court Clerk regarding submitting it paper filing. [C]ounsel was advised to submit the paper filing with a motion to allow paper filing.

5. [T]he documents were submitted via paper filing on February 20, 2009, and a copy of the proof of mailing of same on February 20th is attached herewith.

6. [T]herefore, although the complaint was not received by the Clerk until February 23, 2009, due to the inability to file the complaint electronically and by reason of the matter having mailed on February 20, 2009, as per the Clerk's instructions, the complaint should be deemed timely filed.

7. Counsel must add that it is nearly ninety (90) miles from counsel's office in Albany to the nearest Western District courthouse in Bowling Green.  It is not like you can just alternatively run down the road and tender documents for filing.

8. Therefore, the motion ... to dismiss should be overruled.  There is no prejudice to the United States and only prejudice to the Plaintiff herein should this matter be dismissed.

5

The magistrate judge interprets the foregoing as an argument that, in light of counsel's "last minute" difficulties in complying with the electronic-filing requirement specified by the local rules and because the paper complaint was timely <u>mailed</u> on the last day of the applicable 60/65-day statute of limitations (i.e., Friday, February 20, 2008), the plaintiff is legally or equitably entitled to operation of the so-called mailbox rule. The undersigned notes in passing that he is unable to locate the "proof of mailing" mentioned by counsel in no. 5, <u>supra</u>. However, we shall assume for the sake of argument that counsel did, in fact, mail the complaint on February 20, 2008.

The mailbox rule is frequently encountered in the context of complaints filed in federal court by prisoners. Due to the fact that prisoners must depend upon prison authorities to deliver their mail and the matter is largely beyond their control, the mailbox rule simplifies matters by stating that a complaint will be deemed to be filed in federal court when it is "mailed," i.e., delivered to the prison mail system. <u>See</u> *Houston v. Lack*, 487 U.S. 266 (1988). The plaintiff has cited no authority for the proposition that a free citizen is legally entitled to operation of the mailbox rule (i.e., her complaint should be treated as filed when mailed), and the magistrate judge is unaware of any such authority.

On the contrary, the rules state that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. "A paper is filed by delivering it to the clerk [of court]." Fed.R.Civ.P. 5(d)(2)(A). The magistrate judge concludes that, in the present case, the plaintiff was legally required to deliver her complaint to the clerk of court on or before February 20, 2009. She failed to do this. Therefore, her complaint was filed untimely.

**Equitable tolling**

The sole remaining issue is whether the plaintiff qualifies for an equitable tolling of the 60/65-day statute of limitations for filing a complaint seeking judicial review of the final decision of the Commissioner. In *Cook v. Commissioner*, supra, the Sixth Circuit held that, in considering whether to find an equitable tolling, the court should consider the following factors, citing *Dunlap v. United States*, 250 F.3d 1001 (6th Cir., 2001):

> (1) the petitioner's lack of [actual] notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

The plaintiff does not allege that she lacked notice of the filing requirement or that she requested an extension from the Appeals Council to file her complaint, nor does she offer any excuse for why she could not have filed within the 60/65-day filing period. It certainly may be the case that, having waited until literally the last day, counsel believed he was in an impossible situation, given the fact that he was unable to complete the electronic filing and he was ninety miles from the courthouse in Bowling Green. However, no reason is given why counsel waited until the "last minute" so to speak to initiate the plaintiff's lawsuit or why he did not drive to and cause to be filed the complaint at Bowling Green in a timely manner. Furthermore, as in *Cook v. Commissioner*, "[a]lthough allowing [the plaintiff] to file [her] complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." The magistrate judge concludes that the plaintiff has failed to cite any persuasive reason why this court should equitably toll the statute of limitations in her case.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the Commissioner's motion to dismiss (Docket Entry No. 6) be GRANTED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).